Jane DOE, Plaintiff,

v.

TOWN OF STOUGHTON, Brett Dickens, and Anthony Sarno, Defendants.

Civil Action No. 12–10467–PBS.

United States District Court, D. Massachusetts.

Jan. 22, 2013.

Carmen L. Durso, Law Office of Carmen L. Durso, Boston, MA, for Plaintiff.

Jackie A. Cowin, Michele E. Randazzo, Kopelman & Paige, PC, Boston, MA, for Defendants.

## MEMORANDUM AND ORDER

SARIS, District Judge.

### I. INTRODUCTION

Plaintiff Jane Doe, a former student in the Stoughton Public Schools, brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants[1] Brett Dickens, the principal, and Anthony Sarno, the Superintendent of Schools, failed to prevent other students from sexually harassing her in school. Defendants have moved to dismiss counts 4 and 5, which allege that they deprived Plaintiff of her statutory rights pursuant to Title IX, 20 U.S.C. § 1681. Defendants argue that no § 1983 claim

---

1. Defendants include Dickens, Sarno, and the Town of Stoughton. Plaintiffs also assert constitutional claims against the individual defendants (Counts 2 and 3), which are not the subject of the motion to dismiss.

may be brought against an individual for violations of Title IX, 20 U.S.C. § 1681. Defendants also move to dismiss count 8, which alleges that the Defendant Town of Stoughton is liable for the negligent acts and omissions of various public employees who failed to take action to protect Doe from reported instances of sexual harassment. After a review of the record and hearing, the Court *ALLOWS* the motion to dismiss counts 4 and 5 and *DENIES* the motion to dismiss count 8.

## II. FACTUAL BACKGROUND

The following alleged facts, culled from the relevant portions of the complaint, are taken to be true for purposes of this motion to dismiss. *See Ashcroft v. Iqbal,* 556 U.S. 662, 667, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In November 2007, Jane Doe was a 14–year–old freshman attending Stoughton High School. A 17–year–old junior, R.J., solicited nude photographs from Doe. Upon receiving the solicited photographs, R.J. distributed the photographs to friends and classmates at school through his cell phone and the internet. As a result, Doe was subjected to sexual harassment from students. Other male students requested further nude photographs from Doe; students called her a "whore;" and students threatened to send the photographs to other schools if she transferred to a new high school.

The harassment escalated until Doe was unable to walk between classes alone. On nearly every occasion that Doe was harassed, she reported the incident to the public employees in the guidance department. Both Doe and her mother made faculty and staff at the high school aware of the sexual harassment and were promised that action would be taken to stop the harassment. Doe's mother also notified the Town of Stoughton police department of the alleged harassment.

Doe developed an eating disorder in January 2008, and started an outpatient program. Her academic grades started to decline. The harassment continued, and Doe attempted suicide on several occasions. Doe was admitted for inpatient treatment and was no longer able to attend high school after March 2008. Doe was scheduled to receive home tutoring, but the school failed to provide tutoring until the end of March. During a May 2008 meeting mandated by education laws, Doe's mother learned that R.J. was Principal Brett Dickens' nephew.

Doe's mother met with Superintendent Anthony Sarno to complain about the high school's employees' failure to take action to stop Doe's sexual harassment. During the meeting, Sarno acknowledged that he knew about the pictures. Weeks later, Doe's mother received a letter from Sarno stating that Doe never made a formal harassment complaint.

In August 2008, R.J. was charged with the statutory rape of Doe. R.J. pleaded guilty to assault and battery in September 2009. During this time, R.J. continued to attend Stoughton High School, and Principal Dickens took no action to suspend R.J.

Plaintiff filed a complaint in the Massachusetts Superior Court on February 22, 2012, alleging that Plaintiff was sexually harassed by fellow students during her time at Stoughton High School and that employees of the Town of Stoughton knew of the harassment but failed to protect her. The case was removed to federal court on March 13, 2012.

## III. DISCUSSION

### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain

sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. The Court takes the allegations in the complaint as true, making all reasonable inferences in favor of the Plaintiff. *Hill v. Gozani,* 638 F.3d 40, 55 (1st Cir.2011). Dismissal for failure to state a claim is appropriate when pleadings fail to set forth factual allegations respecting each element necessary to sustain recovery under a legal theory. *Gagliardi v. Sullivan,* 513 F.3d 301, 304 (1st Cir.2008).

**B. Title IX Claims**

■ Defendants argue that Title IX does not provide a private right of action against individuals, and Plaintiff cannot bring claims that individuals violated Title IX through a § 1983 action. Although conceding that Title IX itself does not provide a private cause of action against individuals, Plaintiff contends that § 1983 provides such a claim.

■ Section 1983 "supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." *Frazier v. Fairhaven Sch. Comm.,* 276 F.3d 52, 57 (1st Cir.2002) (internal quotations omitted). "This provision creates a cause of action for federal statutory as well as constitutional rights...." *Bryson v. Shumway,* 308 F.3d 79, 88 (1st Cir.2002) (citing *Maine v. Thiboutot,* 448 U.S. 1, 4–8, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980)). To determine whether recovery under a specific federal statute is available through § 1983, the court must decide "(i) whether Congress ha[s] foreclosed private enforcement of that statute in the enactment itself, and (ii) whether the statute at issue [is] the kind that created enforceable rights under

§ 1983." *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981) (internal quotations omitted) (holding that in view of "elaborate enforcement mechanisms" it could not be assumed Congress intended additional judicial remedies for citizens suing under environmental protection statutes). "When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Id.* at 20, 101 S.Ct. 2615. However, in determining whether Congress has foreclosed a private right of enforcement, "[t]he crucial consideration is what Congress intended." *Smith v. Robinson,* 468 U.S. 992, 1012, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984).

■ Section 901(a) of Title IX provides:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a). The Supreme Court has held that Title IX is enforceable through an implied right of action against a federally assisted educational institution. *See Cannon v. Univ. of Chicago,* 441 U.S. 677, 717, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979) (involving a claim that an applicant was denied admission to medical school because of her sex). The Supreme Court has also held that Title IX allows individuals to recover equitable and monetary relief against a federally assisted school. *See Franklin v. Gwinnett Cnty. Pub. Sch.,* 503 U.S. 60, 76, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992) (involving a student suing school district for damages as a result of sexual harassment by a coach/teach-

er).[2] Thus, an aggrieved party may seek money damages against an educational institution that received federal funds but not against individuals who merely work for such an institution. *Santiago v. Commonwealth of Puerto Rico*, 655 F.3d 61, 73 (1st Cir.2011).

Initially, the federal circuit courts split on whether Title IX's administrative and judicial remedies demonstrated Congress' intent that a claimed violation of Title IX and the Constitution be pursued under Title IX and not § 1983. *See, e.g., Bruneau v. South Kortright Cent. Sch. Dist.*, 163 F.3d 749, 756–57 (2d Cir.1998) (involving a claim of sexual harassment against school and individuals and discussing circuit split). The First Circuit held that Title IX's implied private remedy was "sufficiently comprehensive" to preclude both statutory and constitutional § 1983 claims against the School Committee and the Superintendent individually. *Fitzgerald v. Barnstable Sch. Comm.*, 504 F.3d 165, 176–80 (1st Cir.2007) (involving peer-on-peer sexual harassment). On appeal, the Supreme Court addressed the issue of whether Title IX precludes an action under § 1983 alleging unconstitutional gender discrimination in the schools. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 129 S.Ct. 788, 172 L.Ed.2d 582 (2009). The Court noted that Title IX remedies "stand in stark contrast to the unusually elaborate, carefully tailored, and restrictive enforcement schemes" of other federal statutes. *Id.* at 255, 129 S.Ct. 788 (internal quotations omitted). Given the different substantive protections of the Equal Protection Clause and Title IX, the Court felt that these Title IX remedies were not meant to "substitute for § 1983 suits as a means for enforcing constitutional rights."

*Id.* at 258, 129 S.Ct. 788. Accordingly, the Court held that "§ 1983 suits based on the Equal Protection Clause remain available to plaintiffs alleging unconstitutional gender discrimination in schools." *Id.*

The explicit holding of *Fitzgerald* extends only to parallel and concurrent § 1983 constitutional claims, not § 1983 statutory claims arising from Title IX itself. *Id.* However, without explanation, the Supreme Court also reversed the dismissal of the § 1983 statutory claim. The question is, does the reasoning of *Fitzgerald's* § 1983 constitutional holding apply to § 1983 statutory claims? Relying on *Fitzgerald*, Plaintiff argues that the Supreme Court has authorized her to bring both a Title IX claim against an institution and a parallel § 1983 statutory claim against individuals because Title IX's remedial scheme is not sufficiently comprehensive to preclude such claims.

■ The touchstone in this inquiry is congressional intent. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 291, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) (Breyer, J., concurring) ("The ultimate question, in respect to whether private individuals may bring a lawsuit to enforce a federal statute, through 42 U.S.C. § 1983 or otherwise, is a question of congressional intent."). An independent administrative or judicial remedy is merely "an indication" of congressional intent. *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 121, 125 S.Ct. 1453, 161 L.Ed.2d 316 (2005). It does not "conclusively establish" a congressional intent to preclude or allow § 1983 relief. *Cf. id.; see also id.* at 127, 125 S.Ct. 1453. (Breyer, J., concurring) ("The statute books are too many, federal laws too diverse, and their purposes too complex for any legal formula to provide

---

**2.** Although the suit had originally been brought against an administrator individually, that claim was dropped and not discussed by the Supreme Court. 911 F.2d 617, 621 (11th Cir.1990).

more than general guidance" on congressional intent).

It is true that the Court in *Fitzgerald* described Title IX's remedial scheme as less comprehensive than other statutory schemes determined to preclude § 1983 statutory claims against individuals. However, the Court also pointed out that Title IX reaches institutions and programs that receive federal funds, but "it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals." *Id.* at 257, 129 S.Ct. 788. In contrast, "§ 1983 equal protection claims may be brought against individuals." *Id. See also Santiago v. Puerto Rico,* 655 F.3d 61, 73 (1st Cir.2011) ("[Title IX's] implied private right of action allows an aggrieved party to seek money damages against an educational institution that receives federal funds but not against individuals who merely work for such an institution."). Indeed, Congress' refusal to provide a particular remedy, such as a claim against individuals, may "itself represent a congressional choice." *City of Rancho Palos Verdes, Cal.,* 544 U.S. at 124, 125 S.Ct. 1453 (finding that Telecommunications Act's lack of compensatory damages and attorney's fees as available remedies as compared to § 1983 remedies did not demonstrate congressional intent to allow concurrent § 1983 claims). Such intended limitations are "deliberate and are not to be evaded through § 1983." *Id.*

The Court has found only one case concluding that the holding in *Fitzgerald* extends to § 1983 Title IX statutory claims. *Cartwright v. Regents of the Univ. of Cal.,* No. 2:05–cv–02439–MCE–KJM, 2009 WL 2190072, at *6–7, 2009 U.S. Dist. LEXIS 62953, at *18–20 (E.D.Cal. July 21, 2009). The court in *Cartwright* believed that

when the Supreme Court reversed the Court of Appeals judgment affirming dismissal of both statutory and constitutional § 1983 claims, "the clear import of the Supreme Court's order is that plaintiffs may use § 1983 as a vehicle for litigating both constitutional and statutory claims." 2009 WL 2190072 at *7, 2009 U.S. Dist. LEXIS 62953 at *20. However, the Court in *Fitzgerald* never directly considered the statutory § 1983 claim, and the language is quite deliberate in holding only that "§ 1983 suits *based on the Equal Protection Clause* remain available to plaintiffs alleging *unconstitutional* gender discrimination" despite the existence of Title IX remedies. 555 U.S. at 258, 129 S.Ct. 788 (emphasis added). In this case, providing a § 1983 claim against individuals for Title IX liability "would permit an end run around Title IX's explicit language limiting liability to funding recipients." *Doe v. School Bd. of Broward County, Fla.,* 604 F.3d 1248, 1266 n. 12 (11th Cir.2010) (a post-Fitzgerald case); *see also Johnson v. Univ. of San Diego,* 2011 WL 4345842, at *3, 2011 U.S. Dist. LEXIS 104962, at *7 (S.D.Cal. Sept. 15, 2011) ("The Court has some doubts as to whether Johnson can seek relief under § 1983 for an alleged violation of [Title VI] when the individual Defendants cannot be liable under [Title VI] in the first place."); *Muthukumar Nachiappaan Subbiah v. Kiel,* 850 F.Supp.2d 653, 659 (N.D.Tex.2011) ("Because the Court has already found that Plaintiff cannot possibly state a claim under … Title VI, his § 1983 claims based on those purported violations necessarily fail as well.") (quoting *Foster v. Wyrick,* 823 F.2d 218, 221 (8th Cir.1987) ("[A plaintiff] may not circumvent Title VII's filing requirements by utilizing § 1983 as the vehicle for asserting his Title VII claim.")).[3] While the

---

**3.** Title IX was patterned after Title VI and, so, the federal statutes have been consistently in-

terpreted interchangeably. *See Barnes v. Gorman,* 536 U.S. 181, 185, 122 S.Ct. 2097, 153

caselaw on point is not well developed post-*Fitzgerald,* I conclude Title IX precludes a separate § 1983 statutory claim against individuals.

## C. Negligence Claims

 Count 8 alleges that Stoughton is liable for negligence, due to its public employees' failure to respond to Doe's allegations of sexual harassment by R.J. and other students. Defendant initially argued that Defendant was immune from liability pursuant to M.G.L. ch. 258 § 10(j), which excludes from liability "any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer." However, at hearing, Plaintiff represented that she was given specific assurances by public employees that the offensive behavior would be addressed. Under the facts as alleged, the conduct by the Town of Stoughton's public employees fall into the exception to immunity under M.G.L. ch. 258 § 10(j)(1).

## IV. ORDER

Defendants' Motion to Dismiss (Docket No. 5) is *ALLOWED IN PART* and *DENIED IN PART.* The Motion to Dismiss is *ALLOWED* with respect to Counts 4 and 5, but is *DENIED* with respect to Count 8.

L.Ed.2d 230 (2002) ("Court has interpreted Title IX consistently with Title VI"); *Cannon v. Univ. of Chicago,* 441 U.S. 677, 696, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979) ("The drafters of Title IX explicitly assumed that it would be interpreted and applied as Title VI had been during the preceding eight years"); *Howard v. Feliciano,* 583 F.Supp.2d 252, 256 (D.P.R.2008) ("Title VI and Title IX, 20 U.S.C. § 1681 have been interpreted *in pari materia* ").